UNITED STATES DISTICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank, National Association<br><br>        Plaintiff<br><br>v.<br><br>Theodore W. Thomes, et al,<br><br>        Defendants | Civil Action No.: 2019-cv-00477-JAW |

**DECLARATION OF S. JAMES LEVIS, JR.**

The undersigned S. James Levis, Jr., under pains and penalty of perjury, hereby states:

1. In May 2008 I was engaged by Theodore and Renee Thomes to represent them in a foreclosure action brought by U.S. Bank National Association involving the property that is the subject of this action.

2. The foreclosure action was primarily directed against Renee Thomes since only she had signed the relevant note and mortgage, but the action among three other counts also included a claim against Theodore Thomes for unjust enrichment based upon assertions that he was a joint owner of the property and that he benefited from the mortgage loan to Renee Thomes.

3. The litigation in the Portland District Court was protracted and involved a complaint and amended complaint, extended motion practice including multiple summary judgment motions, extensive pre-trial discovery including multiple depositions, a in a day and half of trial including expert witness testimony resulting in a judgment for Renee and Theodore Thomes.  This was followed by an appeal to the Law Court resulting in its

published decision, *U.S. Bank National Association v. Thomes*, 2013 ME 60, 69 A.411, which allowed U.S. Bank to proceed with its foreclosure action against Renee Thomes but affirmed the denial of any claims against Theodore Thomes.

4. The legal services rendered by me to Theodore and Renee Thomes over the five-year course of the Portland District Court litigation are detailed on my invoices for legal services filed herewith as Exhibits 1-8.

5. Exhibits 2-6 including accumulating balances due from each previous invoice, and Exhibit 7 on Page 3 shows a total balance due for work through trial of $24,593.55 after giving credit for $4,500 of payments made by Mr. and Mrs. Thomes.

6. Exhibit 8 is an invoice pertaining only to work on the Law Court appeal and shows a balance of $15,385.63.

7. The aggregate of the balances due under the invoices which are Exhibit 7 and 8 is $39,979.18.

8. I repeatedly asked Mr. and Mrs. Thomes to pay the outstanding and accumulating balances on my bills, but they were unable to do so.

9. Finally, early in 2013 asked that Mr. and Mrs. Thomes execute a note and mortgage to secure the payment of my fees already incurred which would be incurred going forward.

10. I sent a promissory note and mortgage to Mr. and Mrs. Thomes at their address in the U.S. Virgin Islands. They signed the note and mortgage, had the mortgage notarized by U.S. Virgin Island notary public and returned those documents to me.

11. The Mortgage encumbers the property that is the subject of this action.

12. The Mortgage is not a residential mortgage since the property which it encumbers was

not occupied by Mr. and Mrs. Thomes as their residence.

13. Filed herewith as Exhibit 8 is a copy of the Thomes Note, and as Exhibit 9 is a copy of the Thomes Mortgage, both signed by Mr. and Mrs. Thomes as received by me from them, with the copy of the Mortgage showing its recording in the Cumberland County Registry of Deeds on April 17, 2013.

14. No portion of the $39,979.18 of legal fees evidenced by Exhibit 1-8 has been paid to me and that full amount remains outstanding and owed under the Note and secured by the Mortgage.

This Declaration is signed by me under the pains and penalties of perjury.

DATED: May 18, 2020

/s/ S. James Levis, Jr.
S. James Levis, Jr.