UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC2,<br><br>      Plaintiff<br><br>      v.<br><br>THEODORE W. THOMES, et al.,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  2:19-cv-00477-JAW<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION ON MOTION TO DISMISS/
ORDER ON SHOW CAUSE ORDER**

In this action, U.S. Bank National Association (the Bank), as Trustee for certain asset-backed certificates, requests an equitable partition of realty it acquired in common with Defendant Theodore Thomes (the property) following the entry of a judgment of foreclosure and sale in favor of the Bank against Mr. Thomes's spouse (Renee Thomes), in state court. The property has been vacant for several years and the Thomeses presently reside in St. Croix, U.S. Virgin Islands. Mr. Thomes has filed an eleven-count counterclaim alleging various claims against the Bank.[1]

The Bank asks the Court to dismiss Mr. Thomes' counterclaim based on Mr. Thomes's failure to comply with the rules of discovery, including his failure to satisfy the

---

[1] Mr. Thomes apparently also purports to assert the counterclaim on behalf of Ms. Thomes. I address Ms. Thomes' involvement below.

initial disclosure requirement, failure to respond to written discovery requests, and failure to appear for a telephonic deposition. (Motion to Dismiss, ECF No. 49.) Plaintiff's failure to respond to the discovery requests is also the subject of an August 5, 2020, Order to Show Cause, which directed Mr. Thomes to "show cause in writing, on or before August 21, 2020, why he has failed to provide any response to the Bank's discovery requests." (Order, ECF No. 55.)

After review of the record and the parties' arguments, I recommend the Court deny the motion to dismiss, but impose other sanctions. I also dismiss the Order to Show Cause as moot.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Prior to filing the motion to dismiss, citing the Thomeses' reported failure to respond to written discovery, the Thomeses' presence in St. Croix, and COVID-related considerations that counseled against in-person proceedings, the Bank requested leave to depose the Thomeses by telephonic means. (Motion, ECF No. 39.) The Court granted the request. (Order, ECF No. 43.) The Bank then noticed the telephonic depositions of the Thomases for June 30, 2020. In response to the notice, Mr. Thomes wrote to the Bank's counsel in relevant part: "[C]ancel the deposition please. I have several reasons that prevent me from attending at this time thank you." (ECF No. 49-3.) The Thomes did not appear for the deposition. In his late response to the motion to dismiss (Response, ECF No. 62), Mr. Thomes did not meaningfully address his failure to respond to the discovery requests or his failure to appear for his deposition. Instead, he evidently attempted to argue

the merits of his claims against the Bank[2] and to comment on discovery or other information provided by the Bank.

On the same day the Bank filed the motion to dismiss, in accordance with District of Maine Local Rule 26(b), the Bank requested a discovery conference to address Mr. Thomes's failure to respond to written discovery requests. Upon review of the request, the Court determined that a conference would not be productive. Instead, the Court issued an Order to Show Cause (ECF No. 55), which instructed Mr. Thomes to show cause why he failed to provide any response to the Bank's discovery requests. In response to the order, Mr. Thomes outlined some of his communications with and attempts to communicate with the Bank's counsel, discussed his perception of the relative merits of the parties' claims, addressed in a limited way his failure to respond to the discovery requests, and expressed his desire to resolve the matter. (Response, ECF No. 56.) Mr. Thomes, however, did not represent that he served responses to the discovery requests or complied with the initial disclosure requirement of Federal Rule of Civil Procedure 26. The Bank requests dismissal of the counterclaim as a sanction for the Thomes' failure to participate in discovery.

## DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions against a party for failure to cooperate in discovery. Where appropriate, a court may prohibit a party "from supporting or opposing designated claims or defenses, or from introducing

---

[2] In his counterclaim (ECF No. 20), Mr. Thomes asserts eleven counts that in essence relate to: (1) the Bank's decision to pursue claims against Mr. Thomes in the state court foreclosure action even though only Renee Thomes executed the mortgage note in question; (2) alleged wrongful acts of dominion that prevented use or enjoyment of the property despite Mr. Thomes's tenancy in common; (3) waste of the property; and (4) conversion of personal property stored on the premises.

3

designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).  A court also may under appropriate circumstances "strike pleadings in whole or in part," or dismiss the action "in whole or part."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).  Such sanctions are authorized where the party fails to attend its own deposition after being served with proper notice.  Fed. R. Civ. P. 37(d).  Notably, the First Circuit has affirmed a sanction of dismissal for a party's failure to attend his deposition.  *Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 42 (1st Cir. 1998) (per curiam).  In addition, Rule 30 authorizes "an appropriate sanction" for conduct that "impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2). In addition, the failure to provide a party opponent with the information required in an initial disclosure will foreclose the use of undisclosed information and witnesses at hearings and trials. Fed. R. Civ. P. 37(c)(1).

 Mr. Thomes's failure to participate in discovery as required by the federal rules, without good cause, warrants the imposition of sanctions.  The issue is whether dismissal is an appropriate sanction under the circumstances.

 Dismissal as a sanction should be used cautiously.  As the First Circuit explained:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc.  The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need

4

for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

While Mr. Thomes' failure to respond to written discovery requests and his failure to appear for his deposition have understandably frustrated the Bank in its effort to defend against the counterclaim, dismissal is not warranted. Mr. Thomes has demonstrated an interest in prosecuting the counterclaim and has not disregarded all his obligations as a litigant. For instance, he has responded to Court orders, participated in telephonic Court proceedings, and filed responses to various motions. Nevertheless, given Mr. Thomes' repeated failure to comply with the discovery rules and his failure to provide any reasonable explanation for his failure to do so, the following discovery order and order of sanctions are appropriate:

1. If the Bank wants to depose Mr. Thomes, Mr. Thomes shall appear for a telephonic deposition to be noticed by the Bank for a date between December 1 and December 15, 2020.

2. Mr. Thomes shall be foreclosed from presenting at trial and in response to or in support of any dispositive motion any material evidence that he was required to provide in his Initial Disclosure in accordance with Federal Rule of Civil Procedure 26(a), provided the evidence was not otherwise known to the Bank.

3. Mr. Thomes shall be foreclosed from presenting at trial and in response to or in support of any dispositive motion any material evidence that he was required to provide in response to the Bank's written discovery requests, provided the evidence was not otherwise known to the Bank.

In its motion, the Bank also asks the Court to dismiss the counterclaim purportedly asserted by Renee Thomes, who has never signed a pleading and cannot be represented in this matter by her husband, a non-attorney. Federal Rule of Civil Procedure 13 provides that a party may assert a counterclaim against an "opposing party." Ms. Thomes was not joined as a party by the Bank and thus does not appear as a party on the Court's docket. Before Ms. Thomes could assert any claim in this action, she would first have to obtain the Court's permission to intervene. Because the Court has not granted leave for Ms. Thomes to intervene, Ms. Thomes has not asserted a claim in this action for which dismissal is necessary.

Finally, in his response to the motion to dismiss, Mr. Thomes asks for the Court's "approval to file a motion to dismiss counterclaims without prejudice." (Response at 11.) The Court will grant Mr. Thomes leave to file the motion.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court determine that Renee Thomes is not a party to this action as she was never properly joined as a party and, therefore, dismiss the Bank's motion to dismiss Renee Thomes. I further recommend the Court deny the Bank's motion to dismiss, but that the Court impose the following sanctions and otherwise order as follows:[4]

---

[3] The grant of leave to file the motion shall not be construed as a determination that the Court will grant a motion to voluntary dismiss the counterclaim. The other parties will have the opportunity to respond to the motion and the Court thereafter will assess the merits of the request.

[4] Implicit in my recommendation is a finding that Mr. Thomes failed to show cause as required by the Order to Show Cause. Because Mr. Thomes' failure to respond to the discovery requests will be addressed in the Court's decision on the motion to dismiss, the Order to Show Cause is dismissed as moot.

1. If the Bank wants to depose Mr. Thomes, Mr. Thomes shall appear for a telephonic deposition to be noticed by the Bank for a date between December 1 and December 15, 2020.

2. Mr. Thomes is foreclosed from presenting at trial and in response to or in support of any dispositive motion any evidence that he was required to provide in his Initial Disclosure in accordance with Federal Rule of Civil Procedure 26(a), provided the information was not otherwise known to the Bank.

3. Mr. Thomes is foreclosed from presenting at trial and in response to or in support of any dispositive motion any evidence that he was required to provide in response to the Bank's written discovery requests, provided the information was not otherwise known to the Bank.

4. If Mr. Thomes intends to file a motion to dismiss the counterclaim, Mr. Thomes shall file the motion on or before November 20, 2020. The parties' responses to the motion shall be governed by the Federal Rules of Civil Procedure and the District of Maine Local Rules.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of November, 2020.