UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC2, <br><br> Plaintiff, <br><br> v. <br><br> THEODORE W. THOMES, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) No. 2:19-cv-00477-JAW ) ) ) ) ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On October 17, 2019, U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC2 (U.S. Bank) filed a complaint against Theodore W. Thomes, S. James Levis, Jr., and Donald P. Penta, seeking equitable partition in a Maine property that U.S. Bank owned with Mr. Thomes in fee simple as tenants in common.[1]  *Compl.* (ECF No. 1).  On December 23, 2019, Mr. Thomes filed an answer, adding his wife Renee Thomes as a counterclaim "coclaimant" and including twelve counterclaim counts against U.S. Bank.  *Answer to Compl. and Counterclaims* (ECF No. 20) (*Thomes' Counterclaims*).  U.S. Bank filed a motion to dismiss the

---

[1] Mr. Levis is a defendant in this case by virtue of a mortgage dated April 8, 2013. *Compl.* ¶ 13. Mr. Penta is a defendant by virtue of a recorded writ of execution dated July 1, 2013. *Id.* ¶ 14. The discovery dispute in this case, leading to U.S. Bank's motion to dismiss was between U.S. Bank and Mr. Thomes and neither Mr. Levis nor Mr. Penta participated.  Neither Mr. Levis nor Mr. Penta filed an objection to the recommended decision.

counterclaims on July 24, 2020, claiming that Ms. Thomes was not properly joined to the action and that Mr. Thomes committed certain discovery abuses, such as failing to make required disclosures under Federal Rule of Civil Procedure 26, failing to respond to U.S. Bank's request for production and interrogatories, and failing to attend depositions. *Mot. to Dismiss the Counterclaims of Theodore and Renee Thomes for Failure to Attend Dep. and other Procedural Deficiencies* (ECF No. 49) (*U.S. Bank's Mot. to Dismiss*). On August 5, 2020, the Magistrate Judge issued an order to show cause, ordering Mr. Thomes to explain why he failed to provide any response to U.S. Bank's discovery requests. *Order to Show Cause* (ECF No. 55). Mr. Thomes responded to the order on August 26, 2020, *Def.'s Answer to Show Cause Order* (ECF No. 56), and to U.S. Bank's motion to dismiss on October 7, 2020. *Resp. to Mot. to Dismiss* (ECF No. 62). U.S. Bank filed a reply to Mr. Thomes' response to the motion to dismiss on October 21, 2020. *Reply to Obj. to Mot. to Dismiss* (ECF No. 63).

On November 2, 2020, the Magistrate Judge issued a recommended decision, recommending the Court grant U.S. Bank's motion to dismiss as to Ms. Thomes, as she was never properly joined as a party, but deny the motion as to Mr. Thomes because he "has demonstrated an interest in prosecuting the counterclaim and has not disregarded all his obligations as a litigant." *Recommended Decision on Mot. to Dismiss/Order on Show Cause Order* at 5 (ECF No. 64) (*Recommended Decision*). However, the Magistrate Judge did recommend imposing sanctions on Mr. Thomes for his repeated failure to comply with the discovery rules and his failure to provide any reasonable explanation for not to doing so. *Id.* at 6-7. The Magistrate Judge also

noted that in his response to the motion to dismiss, Mr. Thomes asked for approval to file a motion to dismiss his counterclaims without prejudice. *Id.* at 6. The Magistrate Judge granted Mr. Thomes' leave to file the motion and gave him until November 20, 2020 to file it. *Id.* at 6-7. Neither U.S. Bank nor Mr. Thomes filed an objection to the recommended decision and Mr. Thomes never filed a motion to dismiss his counterclaims.

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of the Magistrate Judge's ruling on the motion to dismiss and reviewed whether the Magistrate Judge's recommendations regarding sanctions were clearly erroneous. *See* 28 U.S.C. § 636(b)(1). The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision.

The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 64). The Court GRANTS U.S. Bank's Motion to Dismiss as to Renee Thomes and DENIES U.S. Bank's Motion to Dismiss as to Theodore W. Thomes (ECF No. 49). The Court imposes the following sanctions on Theodore W. Thomes:

1. If the Bank wants to depose Mr. Thomes, Mr. Thomes shall appear for a telephonic deposition to be noticed by the Bank for a date between December 1 and December 15, 2020.

2. Mr. Thomes is foreclosed from presenting at trial and in response to or in support of any dispositive motion any evidence that he was required to provide in his Initial Disclosure in accordance with Federal Rule of

3

      Civil Procedure 26(a), provided the information was not otherwise known to the Bank.

3.     Mr. Thomes is foreclosed from presenting at trial and in response to or in support of any dispositive motion any evidence that he was required to provide in response to the Bank's written discovery requests, provided the information was not otherwise known to the Bank.

SO ORDERED.

                                            /s/ John A. Woodcock, Jr.
                                            JOHN A. WOODCOCK, JR.
                                            UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2020