UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION**, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC2,<br><br>**Plaintiff**<br><br>v.<br><br>**THEODORE W. THOMES,**<br>**S. JAMES LEVIS, JR.,** and<br>**DONALD P. PENTA,**<br><br>**Defendants** | CIVIL ACTION NO: 2:19-cv-00477-JAW |

## EQUITABLE PARTITION ORDER

This matter is before the Court on a *Complaint* for equitable partition of certain real estate located at 135 Smith Road in Windham, Maine, and more particularly described in the Exhibit A attached hereto (the "Property"). This Court GRANTED summary judgment for equitable partition of the Property in favor of Plaintiff U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC2, in an *Order on Pending Motions for Summary Judgment* entered September 22, 2021 at ECF 100. The Court's findings of fact as stated in said *Order* are incorporated herein by reference. A copy of said September 22, 2021, *Order* shall be attached hereto as an Exhibit B for the purpose of recording a copy of this *Equitable Partition Order* in the Cumberland County Registry of Deeds.

The Court hereby ORDERS the property to be immediately placed on the market to be sold. The Plaintiff shall select and retain the services of a licensed real estate broker for the purpose of formally listing the Property for sale under a 60-day listing agreement at a 5% commission. The

listing agreement shall be renewable for additional 60-day periods upon Motion by the Plaintiff. The property shall be sold "as-is/where-is" and shall not be subject to any inspection contingency. The selected listing broker will make a recommendation regarding the listing price, and any such reasonable suggested listing price shall be the price used to list the Property for sale. The Property shall be placed on the market within a commercially reasonable amount of time.

The Court appoints James G. Spaulding, Esq., to execute all documents necessary to effectuate the listing and sale of the Property on behalf of Plaintiff and Defendant Theodore W. Thomes. The listing broker will make a recommendation regarding acceptance of any written offers made to purchase the property, and any such reasonable recommendation shall be accepted by Attorney Spaulding on behalf of the Parties, however, no offer may be accepted by Attorney Spaulding on behalf of the Plaintiff without the written consent of the Plaintiff or its servicer.

In accordance with 28 U.S.C. § 2001, after the Property is placed on the market for sale, and prior to confirmation of any private sale offer to purchase the Property, the Court will appoint three (3) disinterested persons to appraise the property, which appraisals shall be provided to the Parties to this lawsuit (not shall not be made public nor provided to any potential buyer of the Property). No sale shall be confirmed by this Court at a price less than two-thirds (2/3) of the lowest appraised price.

Within ten (10) business days of accepting a written offer to purchase the Property ("Original Offer"), Attorney Spaulding shall cause the terms of the Original Offer to be published in the Portland Press Herald. If, within ten (10) calendar days from the date of said publication, Attorney Spaulding receives a bona fide offer to purchase the Property that guarantees at least a ten percent (10%) increase over the price offered in the Original Offer (a "Bona Fide Offer"), then Attorney Spaulding shall request that this Court confirm the Bona Fide Offer within three (3)

business days or receipt thereof. If Attorney Spaulding does not receive a Bona Fide Offer to purchase the Property within ten (10) days from the date of said publication, then Attorney Spaulding shall submit a request that this Court confirm the Original Offer within three (3) business days of the expiration of the ten (10) day period following publication of the Original Offer. Upon confirmation by the court, the closing on the sale of the Property shall take place within a commercially reasonable amount of time thereafter.

Upon the closing and sale of the Property, Plaintiff shall hold any proceeds from the sale of the Property in escrow pending approval by this Court of a *Report of Sale* wherein Plaintiff outlines the costs and distributions of proceeds to be made. After the payment of all closing costs attributable to the Parties of this case at closing, including appraisal fees, publication fees, broker's commission, real estate taxes, transfer taxes, property tax prorations, and recording fees, where applicable, one-half of the remaining proceeds shall be paid to Plaintiff; and the remaining one-half of the proceeds shall be paid in the following order:

> FIRST: Donald P. Penta pursuant to Writ of Execution dated July 1, 2013, and recorded in the Cumberland County Registry of Deeds in Book 30796, Page 215;
>
> SECOND: S. James Levis, Jr., pursuant to a mortgage dated April 8, 2013 and recorded in the Cumberland County Registry of Deeds in Book 30563, Page 189; and
>
> THIRD: Surplus, if any, to Defendant Theodore W. Thomes.

Plaintiff shall file a *Report of Sale* with this Court within five (5) business days of the closing and sale of the Property. The Parties shall have fourteen (14) days from the date of filing of the *Report*

*of Sale* to file any objections thereto. Upon approval by the Court of the Report of Sale, Plaintiff shall make all distributions in accordance with said approval.

Counsel for Plaintiff shall cause an attested copy of this *Order* and any subsequent confirmation of sale granted by this Court in this matter to be recorded in the Cumberland County Registry of Deeds.

SO ORDERED.

_____
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this \_\_\_\_ of October, 2021.

# EXHIBIT A

A certain lot or parcel of land situated in Windham, County of Cumberland and State of Maine, bounded and described as follows:

Beginning at a point on the easterly apparent sideline of Smith Road, so-called at the southwesterly corner of land now or formally of William Page and the southeasterly point of land of the Grantor, a portion of which is being transferred herein, said point being marked by a found pin;

Thence northeasterly along the sideline of land of the Grantor and the land now or formerly of William Page 750 feet, more or less, to a stake in said sideline;

Thence west-southwesterly 450 feet, more or less, to a stake said the easterly apparent sideline of Smith Road, so-called;

Thence in the south-southeasterly direction along the apparent sideline of Smith Road for 540 feet, more or less, to up in with said pin marking the Point of Beginning.

Said triangular lot contains 162,000 feet, more or less.

Excepting and reserving from the above described premises a certain lot or parcel of land conveyed to Herbert W. Thomes and Theodore W. Thomes dated May 1, 1997 and recorded in the Cumberland County Registry of Deeds in Book 13062, Page 175.

Excepting and reserving from the above described premises a certain lot or parcel of land conveyed to Brian R. Merrill dated May 1, 1987 and recorded in the Cumberland County Registry of Deeds and Book 13062, Page 177.

Excepting and reserving from the above described premises a certain lot or parcel of land conveyed to Jeffrey T. Wilson and Brian R. Merrill dated May 1, 1987 and recorded in the Cumberland County Registry of Deeds Book 13062, Page 179.